**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4498**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

JESSEE DANE COX,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, Chief District Judge.  (1:07-cr-00032-jpj-pms-8)

───────────

Submitted: April 16, 2010          Decided: June 22, 2010

───────────

Before TRAXLER, Chief Judge, MOTZ, Circuit Judge, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Krysia Carmel Nelson, NELSON & TUCKER, PLC, Charlottesville, Virginia, for Appellant.   Timothy J. Heaphy, United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessee Dane Cox appeals from the life sentence imposed following a jury trial on one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). On appeal, Cox argues that the district court erred in denying his Federal Rule of Criminal Procedure 29 motions for acquittal. Finding no reversible error, we affirm.

We review the district court's denial of a Rule 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation marks omitted). We "may not weigh the evidence or review the credibility of the witnesses [because] [t]hose functions are reserved for the jury." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (internal citation omitted).

To prove conspiracy to possess with intent to distribute, the government must prove that: "(1) an agreement to possess [methamphetamine] with intent to distribute existed

2

between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy." United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996). Because of its nature, the existence of a conspiracy is generally proven by circumstantial evidence, which "may consist of a defendant's relationship with other members of the conspiracy, the length of this association, [the defendant's] attitude [and] conduct, and the nature of the conspiracy." Id. at 857-58 (alteration in original) (internal quotation marks omitted).

Cox specifically argues that the evidence presented by the Government at trial varied impermissibly from the indicted conspiracy in that the Government's evidence sought to establish the existence of multiple conspiracies outside the timeframe of the indicted conspiracy. Cox further alleges that he was prejudiced by the claimed variance.

> [A] "variance" occurs when the evidence at trial establishes facts materially different from those alleged in the indictment. In a conspiracy prosecution, a defendant may establish the existence of a material variance by showing that the indictment alleged a single conspiracy but that the government's proof at trial established the existence of multiple, separate conspiracies.

United States v. Kennedy, 32 F.3d 876, 883 (4th Cir. 1994) (internal citations omitted). However, a material variance warrants reversal of a conviction only if the variance infringed

3

the defendant's "'substantial rights' and thereby resulted in actual prejudice." Id. A defendant proves actual prejudice by showing that "there are so many defendants and so many separate conspiracies before the jury that the jury was likely to transfer evidence from one conspiracy to a defendant involved in an unrelated conspiracy." Id. (internal quotation marks omitted). A defendant may also prove prejudice upon a showing that the variance "surpris[ed] him at trial and hinder[ed] the preparation of his defense" or "expos[ed] him to the danger of a second prosecution for the same offense." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999).

We have reviewed the record and find that the Government's evidence did not materially vary from the conspiracy charged in the indictment. Further, we find that the Government's evidence was sufficient to support the jury's verdict when viewed in the light most favorable to the Government. The testimony elicited from Cox's alleged co-conspirators established the existence of a single conspiracy in the summer of 2006. Cox admitted to distributing methamphetamine he bought from his alleged co-conspirators that summer in an interview with a police officer investigating the conspiracy. Moreover, testimony from Cox's alleged co-conspirators corroborated Cox's admissions. See United States v. Abu Ali, 528 F.3d 210, 234 (4th Cir. 2008) (stating

4

that "it is a settled principle . . . that a conviction must rest upon firmer ground than the uncorroborated admission or confession of the accused made after commission of a crime") (internal quotation marks omitted). Therefore, we find that the district court did not err in denying Cox's Rule 29 motion.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED